**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DAVID BACORN,**

          **Plaintiff,**

**-vs-**                                          **Case No.  6:11-cv-1683-Orl-28KRS**

**PALMER AUTO BODY & GLASS, LLC,
IMRAN CHAUDHRY,  SOFIA NASEEM,**

          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE PROCESS ON DEFENDANTS, IMRAN CHAUDHRY AND SOFIA NASEEM, MOTION TO EXTEND DISCOVERY AND SUMMARY JUDGMENT DEADLINES (Doc. No. 46)**
>
> **FILED:**       **October 1, 2012**

Plaintiff David Bacorn filed the complaint in this case on October 18, 2011.  Doc. No. 1. He perfected service of process on Defendant Palmer Auto Body & Glass, LLC ("Palmer").  Doc. No. 6.  Despite two enlargements of time, he has not yet perfected service of process on the individual Defendants, Imran Chaudhry and Sofia Naseem.  In the present motion, Bacorn seeks another sixty days to attempt to perfect service of process on the individual Defendants, and he requests enlargements of dates in the Court's Case Management and Scheduling Order.

Bacorn has shown in previous motions that he has attempted to serve the individual Defendants at the business location of Palmer without success. He recently demanded that the Court compel Palmer to produce the home address of each individual Defendant. Doc. Nos. 33, 39, 42. Palmer provided the requested information. Doc. No. 44. Counsel for Bacorn now admits that he had the home address of the individual Defendants before he filed the motions to compel and that he attempted to have them served at that address on November 9 and December 1, 2011 without success. Doc. No. 46 ¶¶ 6, 16. He also attempted to have them served at the home address on September 29 and October 1, 2012, again without success. *Id.* ¶ 17.

The Court previously noted that Bacorn has not shown that he performed public record searches or hired a private investigator in an attempt to locate the individual Defendants. Doc. No. 32 at 2. Bacorn still has not shown that he has used either of these options. Further, Bacorn has not filed the necessary papers to seek authorization for substituted service of process on the individual Defendants.

Fed. R. Civ. P. 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the Court on its own motion or after notice to plaintiff must dismiss the action without prejudice unless plaintiff shows good cause for the failure. "Good causes exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). Bacorn's insistence on trying to serve the individual Defendants at Palmer, rather than taking reasonable steps to determine if either individual Defendant can be located and served elsewhere or filing the papers necessary to support a request for substituted service of process, is not sufficient to establish good cause.

Bacorn has been given ample warning by the Court that failure to perfect service of process on the individual Defendants by October 1, 2012 would result in dismissal of his claims against these Defendants. *See, e.g.,* Doc. Nos. 30, 32.  There is no reason to believe based on the representations in the current motion that Bacorn will be more successful in serving process on the individual Defendants if he is given more time to do so.  Accordingly, I **respectfully recommend** that the motion for a further enlargement of time to serve the individual Defendants be **denied** and that the Court **dismiss without prejudice** the claims against the individual Defendants as required by Rule 4(m).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 4, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy