**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID BACORN,**

       **Plaintiff,**

**-vs-**              **Case No. 6:11-cv-1683-Orl-28KRS**

**PALMER AUTO BODY & GLASS, LLC,**
**IMRAN CHAUDHRY, SOFIA NASEEM,**

       **Defendants.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 57)**
>
> **FILED:**   **December 17, 2012**

**I. PROCEDURAL HISTORY.**

  In his complaint, Plaintiff David Bacorn alleged that Defendants Palmer Auto Body & Glass, LLC, Imran Chaudhry, and Sofia Naseem failed to pay him minimum wages and overtime compensation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and retaliated against him in violation of the FLSA. Doc. No. 1. Bacorn was not able to perfect service of process on the individual Defendants. Doc. No. 48. Nevertheless, Bacorn reached a settlement agreement with all Defendants, and the parties seek approval of that agreement.

## II.   APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.  In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[1] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)).  Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351.  If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

## III.   ANALYSIS.

In his answers to the Court's interrogatories, Bacorn averred that he was owed approximately $10,000.00. Doc. No. 13.  Under the settlement agreement, he will receive $3,557.30. Doc. No. 57

---

[1]The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent.  *See* 11th Cir. R. 36-2 and I.O.P. 6.

at 2. Bacorn represents, through counsel, that he voluntarily agreed to this amount in light of the disputes about FLSA coverage and computation of overtime and regular compensation due. Doc. No. 57 at 3-4. This settlement amount is more than the back wages allegedly owed to Plaintiff, but less than the total amount allegedly owed, including liquidated damages. Doc. No. 8 at Attch. B. Therefore, the facts and circumstances underlying the settlement have been adequately disclosed.

Because Bacorn compromised his FLSA claim, the Court must consider whether the payment to his attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Bacorn agreed to accept. Counsel for Bacorn states in the Joint Motion to Approve the Parties' Proposed Settlement that he will receive $1,442.70, which he represents are the costs of the action without payment of any attorney's fee, which amount was separately negotiated from Bacorn's recovery. Doc. No. 57 at 5. When, as here, the payment to the attorney was agreed upon separately, without regard to the amount paid to the plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). Here, the settlement appears reasonable on its face and there is no reason to believe that Bacorn's recovery was adversely affected by the amount of costs paid to his attorney. Therefore, the Court may approve this settlement without considering the reasonableness of the attorneys' fees.

The settlement agreement contains a broad release, as follows:

> In consideration of the foregoing, Plaintiff, Defendant, Imran Chaudhry and Sofia Naseem, upon behalf of themselves, their heirs, family members, successors, and assigns, hereby releases and forever

> discharge each other from all claims, causes, actions, demands, liabilities and controversies, whether in law or in equity, from the beginning of the world to the date of this Agreement.

Doc. No. 57 at 8. Some judges have found that release of claims other than the wage claims raised in an FLSA case are overbroad and render a settlement agreement unfair. *See Bright v. Mental Health Resource Center, Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at * 4-5 (M.D. Fla. March 15, 2012), and cases cited therein. However, when an FLSA case involves claims other than failure to pay minimum wages and overtime compensation and the release is mutual, judges have found that the release does not render the settlement unfair. *Id.* at * 5 (citing *Robertson v. Ther-Rx Corp.*, No. 2:09cv1010, 2011 WL 1810193, at * 2 (M.D. Ala. May 12, 2011)). Because this case involves claims other than violation of the minimum wage and overtime compensation provisions of the FLSA, and the release is mutual, the Court may find that the settlement agreement is fair despite the scope of the release.

**IV.    RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354, unless it determines that the broad release renders the settlement unfair;

2. **GRANT** the Joint Motion to Approve the Parties' Proposed Settlement, Doc. No. 57;

3. **PROHIBIT** counsel for Bacorn from withholding any portion of monies payable to Bacorn under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4. **ORDER** counsel for Bacorn to provide a copy of the Court's Order to Bacorn;

5. **DISMISS** the case with prejudice; and,

6. **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 19th, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy